# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT FRANKFURT

CIVIL ACTION NO. 3:18-cv-27 (WOB)

KENTUCKY RETIREMENT SYSTEMS                               PLAINTIFF

VS.                **MEMORANDUM OPINION AND ORDER**

BAY HILLS CAPITAL MANAGEMENT, ET AL.                DEFENDANTS

     This case is before the Court on Plaintiff's Motion for Attorney Fees (Doc. 35). This Court remanded the case on August 22, 2019, finding that there was no diversity jurisdiction and that there was no substantial question of federal law presented. Plaintiff now argues that the Court should award it fees and costs associated with Defendants' removal efforts because there was no objectively reasonable basis for removing the suit to federal court and removal was a delay tactic intended to bog down the proceedings in Kentucky so that Defendants could litigate a suit they preemptively filed in Delaware.

     For the reasons stated below, the Court agrees with Plaintiff and **GRANTS** the Motion for Attorney Fees.

### I.    Factual and Procedural Background

     This case started toward litigation when Plaintiff notified Defendants of its intent to relieve them of their administrative

responsibilities due to alleged improper actions and material breaches of the parties' partnership agreements. (Doc. 1-2, ¶¶ 130-143). The partnership agreements had a sixty-day notice-to-cure period during which Defendants could attempt to cure alleged defects. (*Id.* ¶ 128). Rather than attempt to cure, Defendants chose to sue Plaintiff in the Delaware Chancery Court seeking a declaration that they had done nothing wrong. (*Id.* ¶ 129).

After the cure period expired, Plaintiff filed suit in Franklin County Kentucky and soon after filed a motion for a preliminary injunction. Defendants removed this action on the eve of the preliminary injunction hearing. Plaintiff then filed a timely Motion to Remand in June 2018, along with a Motion to Expedite Briefing and Consideration of that motion (Docs. 4, 5).

On August 22, 2019, this Court granted Plaintiff's Motion to Remand, finding that there was no basis for either federal question or diversity jurisdiction. (Doc. 34). Plaintiff now argues that Defendants' attempt to remove the Franklin County action had no objectively reasonable support in law and was an attempt to stall the Franklin County action so that Defendants' pre-emptive Delaware suit could proceed. Plaintiff asks the Court to award it fees and costs associated with the removal.

## II. <u>Analysis</u>

District courts have considerable discretion in determining whether to award attorney's fees under Section 1447(c). A district

court can award attorney's fees if either of two criteria is met. First, the district court can award attorney's fees where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005). Second, the district court can award attorney's fees if it concludes that "unusual circumstances" pertaining to the removal justify a fee award even though there may have been an objectively reasonable basis for seeking removal. *Id.* This test recognizes the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while upholding Congress' basic decision to afford a defendant a right to remove as a general matter. *Id.*

**A. <u>Defendants Lacked an Objectively Reasonable Basis for Removing Based on Federal Question Jurisdiction</u>**

In arguing that federal question jurisdiction existed, Defendants asserted that Plaintiff's claims depended upon a resolution of a substantial question of federal law. In support of that contention, Defendants insist that there must be a substantial question because Plaintiff submitted additional authority on the issue during briefing and the Court devoted several pages to analyzing the issue in its Order on the motion to remand.

While the Court thoroughly addressed the issue in its Order, the length of its analysis does not render Defendants' position reasonable. The Court's reasoning can in fact be easily summarized.

The Sixth Circuit's decision in *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (6th Cir. 2007), identified four factors for determining whether there is a substantial question of federal law. *Id.* at 570. Those factors include (1) whether the case involves a federal agency; (2) whether the federal question is important; (3) whether a decision on the federal question will resolve the case; and (4) whether a decision as to the federal question will control numerous other cases. *Id.*

Plaintiff argues that there is no substantial question of federal law because this case involves claims for breach of contract and fiduciary duty and merely mentions that Defendants' conduct amounted to a violation of the Investor Advisory Act ("IAA"), which the parties had incorporated into the contracts as the requisite standard of care. (Doc. 35-1, at 6-9). And determining whether Defendants violated that standard of care is a fact-bound and situation-specific issue that the Supreme Court has said is insufficient to establish federal "arising under" jurisdiction.

Even though Plaintiff was not bringing a claim under the IAA, Defendants maintain that the courts would have to interpret and apply the federal statute in order to resolve the case. (Doc. 36, at 7-8). The Court disagrees.

There is no substantial question of federal law because the Complaint did nothing more than mention that Defendants' conduct

may have amounted to a violation of the IAA. And it mentioned the IAA only because the parties incorporated compliance with the IAA into the relevant contracts as a standard of care. Moreover, determining whether Defendants' conduct violated the IAA would be a fact-intensive inquiry that would not require a court to answer a pure question of federal law that would govern other cases. *See Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006) (finding no substantial question where dispute did not present a nearly pure issue of law that would govern other cases).

Further, answering the federal question would not resolve the case. Plaintiff cited Defendants' alleged breach of the IAA as one of four possible reasons for removing Defendants from their role as administrators. And it is well established that a claim supported by alternative theories in a complaint cannot arise under federal law unless resolving the issue of federal law is essential to each of those theories. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988); *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."); *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1064 (6th Cir. 2008) (noting that a reference to a federal law should be read in context to ascertain whether the reference states a federal cause of action or simply supports an element of a state claim).

Because Defendants failed to show that any one of the above factors weighs in favor of concluding that there is a federal question, they could not have possessed an objectively reasonable belief that there existed a substantial question of federal law.

**B. Defendants Lacked an Objectively Reasonable Basis for Removing Based on Diversity Jurisdiction**

Defendants argue that removal was reasonable because Plaintiff held itself out as a "corporate resident" of Kentucky and not as an arm of the state, implying that there were reasonable grounds for removing based on diversity jurisdiction. (Doc. 36, at 5-7). Defendants' position that there was diversity jurisdiction is premised on a twenty-five-year-old case where the Kentucky Retirement System failed to protest removal to federal court and the court did not address the issue and remand the case under its own volition. (*See* Doc. 36 Ex. 1).

In light of more recent precedent from the Kentucky Supreme Court, Defendants' argument lacks merit. In 2013, the Kentucky Supreme Court concluded that it is "abundantly clear that the Kentucky Retirement System is an arm, branch, or alter ego of the state." *Commonwealth v. Kentucky Ret. Sys.*, 396 S.W.3d 833, 837 (Ky. 2013). And the Supreme Court has held that if a political subdivision or state agency is simply the arm or alter ego of the State, then the agency cannot be deemed a citizen of the state for

diversity purposes. *Moor v. Alameda Cnty.*, 411 U.S. 693, 717-18 (1973).

While Defendants further insist that Plaintiff held itself out as a "corporate resident of Kentucky" in its verified Complaint, it did no such thing. Plaintiff merely alleged that it was a resident of Franklin County for venue purposes and never once referred to itself as a "corporate resident." (Compl. [1-2] ¶¶ 4, 17). Defendants' arguments concerning diversity jurisdiction are thus objectively unreasonable.

**C. There Were Unusual Circumstances Surrounding Defendants' Removal Efforts**

Finally, though removal was timely, unusual circumstances surrounded it. Removing for the purpose of prolonging litigation and imposing costs on the opposing party qualifies as an unusual circumstance that justifies the award of fees. *Forever Recovery, Inc. v. Township of Pennfield*, 606 F. App'x 279, 284 (6th Cir. 2015).

When Defendants received notice to cure from Plaintiff, they promptly filed a preemptory lawsuit in Delaware before the expiration of the sixty-day cure period. When Plaintiff filed suit in Kentucky and moved for a preliminary injunction, Defendants filed their notice of removal on the eve of the preliminary injunction hearing. Defendants' actions consequently give rise to

a reasonable inference that removal was a delay tactic intended to stymie Plaintiff's Kentucky lawsuit.

### III. Conclusion

Based on the above, Defendants had no objectively reasonable belief that removal was proper. And even if Defendants possessed a reasonable belief, there were unusual circumstances that permit an inference that Defendants attempted to remove the case as a delay tactic. Plaintiff should thus be awarded costs and fees associated with Defendants' removal efforts. Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion for Attorney Fees (Doc. 35) be **GRANTED,**
(2) Plaintiff shall submit evidence detailing the fees and costs associated with Defendants' removal efforts within **THIRTY DAYS** of entry of this Order,
(3) If Defendants have objections to Plaintiff's summary of fees and costs that they file those objections within **FIFTEEN DAYS** of Plaintiff's filing.

This 22nd day of January 2020.



Signed By:
*William O. Bertelsman* WOB
United States District Judge