IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFURT

CIVIL ACTION NO. 3:18-cv-27 (WOB)

KENTUCKY RETIREMENT SYSTEMS                          PLAINTIFF

VS.                    MEMORANDUM OPINION AND ORDER

BAY HILLS CAPITAL MANAGEMENT, ET AL.                 DEFENDANTS

This case is before the Court on Plaintiff's motion for attorney fees (Doc. 35). The Court granted that motion on January 22, 2020, and ordered briefing as to the amount of fees that should be awarded. (Doc. 38). After reviewing the parties' briefs, the Court awards Plaintiff fees of **$86,825.50**.

## I. Analysis

Plaintiff seeks fees from the date the action was removed through the date of remand. A total award of $86,825.50 is appropriate based on fees and costs incurred through Reinhart Boerner Van Dueren S.C. ("Reinhart"), based in Milwaukee, Wisconsin, and Kentucky counsel Stoll Keenon Ogden PLLC ("SKO"). Counsel and paralegals at Reinhart spent a combined 246.50 hours opposing Bay Hills' removal, at their normal hourly rates that ranged from $165 to $695, which amounted to a combined blended

rate of $310 per hour. The total fees incurred through Reinhart were $76,322.50. Docket entry 39-1 is a spreadsheet compiling the Reinhart hours claimed and a calculation of the blended rate, along with the redacted Reinhart invoices related to Bay Hills' improper removal.

Counsel and paralegals at SKO in Kentucky spent a combined 52.3 hours as a result of Bay Hills' improper removal, at their normal hourly rates that ranged from $170 to $295 per hour, which amounted to a combined blended rate of $194 per hour. The total fees incurred through SKO were $10,128.00. Kentucky Retirement also incurred $375.00 in filing fees through SKO. Docket entry 39-2 is the redacted SKO invoices related to Bay Hills' removal. Neither Reinhart nor SKO were working on a contingency fee basis, and those rates and amounts were paid by Plaintiff.

Defendants contend that only the costs related to researching and briefing a motion to remand may be recovered under 28 U.S.C. § 1447(c). *See Marel v. LKS Acquisitions. Inc.*, 2010 U.S. Dist. LEXIS 40699, 2010 WL 1372412 (S.D. Ohio). 28 U.S.C. § 1447(c) provides in relevant part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Thus, under § 1447(c), costs that may be incurred as a result of removal include fees associated with motions to appear *pro hac vice* as well as fees associated with filing a motion to remand.

*Welgs v. Dolan*, No. 1:11 CV 1241, 2011 U.S. Dist. LEXIS 104476, at *2 (N.D. Ohio Sep. 14, 2011). However, fees associated with other aspects of the underlying litigation not specifically related to the removal of the action would not be recoverable under § 1447. *Id.* Moreover, the expenses and fees must be just or reasonable. *Id.* General overhead and administrative costs related to litigation will not be awarded. *Id.*

Defendants argue that the fees for time spent preparing the motion and briefing are excessive and that there is no way a motion to remand could have cost $86,825.50. But rather than challenging the evidence submitted, Bay Hills mostly refers to a number of cases where a lower amount of fees was awarded by a court.

However, many other courts have awarded fees for improper removal for amounts similar to those at issue here. For example, in *Cleanup North Brooklyn v. Brooklyn Transfer*, 373 F.Supp.3d 398 (E.D.N.Y. 2019), the court reduced the fees requested but awarded $66,503.15 related to the briefing. *Id.* at 406, 408. And similarly, in *CMGRP, Inc. v. Agency for the Performing Arts, Inc.*, 2016 WL 9080233 (S.D.N.Y. July 8, 2016), the court granted the plaintiffs a fee award of $85,206.75 under Section 1447(c) based 206 hours of attorney time.

Here, Bay Hills filed a thirteen-page removal petition and a twenty-five-page response brief. Although Bay Hills' claim to diversity jurisdiction was baseless, it still necessitated

briefing to explain why. Moreover, the issue of federal question jurisdiction entailed a four-factor test, and two of those factors required the evaluation, analysis, and application of sub-factors. (*See* Doc. 4-1 at 20, 29.)

As this Court's nineteen-page decision demonstrates, Bay Hills' arguments lacked merit, but the sheer number of issues presented required extensive time and attention. (Doc. 34). Bay Hills' arguments fail to observe that this case involves a complex factual situation. While it took Plaintiff significant time to inform the court about the facts and legal issues underlying the case, removal was still objectively unreasonable and there were unusual circumstances suggesting that removal was a delay tactic.

In addition to its general challenge, Bay Hills argues that Plaintiff is not entitled to fees for a few particular activities. First, Bay Hills contends that Plaintiff should not receive $1,890.00 in fees related to its out-of-state counsel traveling from Kentucky. But Kentucky Retirement has already made clear in its fee-shifting motion why this meeting occurred in Kentucky:

> On May 8, 2018, Kentucky Retirement filed a motion with the court in Franklin County to obtain a scheduling order and date to present the preliminary injunction motion. Kentucky Retirement noticed that Motion for May 16, 2018 at 9:00 a.m. On the evening of May 15, 2018, while Plaintiff's Wisconsin counsel was in transit to Kentucky for the May 16 hearing, Defendants removed the matter to federal court.

(Doc. 35-1 at 3).

Though the removal was not the reason for the trip, Plaintiff's counsel used the trip as an opportunity to discuss the removal in person. Thus, the Court finds that counsel's return travel was appropriately related to the removal and overrules Defendants' objection with regard to the 6.5 hours and $1,890.00 billed related to this travel.

Defendants next claim that Plaintiff should not receive fees related to its decision to file a motion to expedite consideration of the motion to remand ($2,776.50) and its decision to file supplemental authority during the period of time between the motion to remand's filing and this Court's decision. Reinhart billed five hours ($2,375) related to research and review of cases to present as supplemental authority in support of its motion (Doc. 39-1 at page 8 of 80), and SKO billed seven hours ($1,603) related to the same as well as general case monitoring as there were several court filings and orders during this time period. The Court finds that those fees and activities were reasonable, and though the Court did not expedite consideration of the motion to remand, it was reasonable to file the motion.

Bay Hills also claims that there are "inconsistencies" in the invoices. (Doc. 40 at 6). The weakness of this argument is revealed by the one invoice excerpted directly into the brief. (*Id.* at 6-7). Bay Hills claims that the detailed time entries only show .30 hours of time incurred, but the summary of the billing shows .80

hours. But it is obvious on the face of the invoice that one of the time entries inadvertently omitted the .50 hours related to that time entry. Bay Hills does not point to any other examples of allegedly inaccurate time keeping.

## II.  Conclusion

Accordingly, Bay Hills' objections are **overruled** and Plaintiff is awarded **$86,825.50**.

This 15th day of June, 2020.



Signed By:

**William O. Bertelsman** WOB

**United States District Judge**